IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **DPJ** : | |
| **Plaintiff,** : | |
| : | |
| v. : | **CIVIL ACTION NO. 16-245** |
| : | |
| **DELAWARE VALLEY CHARTER** : | |
| **HIGH SCHOOL,** *et al.* : | |
| **Defendants.** : | |

## MEMORANDUM OPINION

**Rufe, J.**　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　**August 31, 2016**

　　　　Plaintiff filed suit in the Court of Common Pleas of Philadelphia County, Pennsylvania after she was shot by a fellow student while attending school. Defendants Delaware Valley Charter High School ("DVCHS" or "the School"), and its director, John Hargroves, removed the case to this Court and have moved to dismiss the federal and state claims brought against them.

### I.　FACTUAL ALLEGATIONS

　　　　For purposes of the motion to dismiss, the allegations of the Complaint are assumed to be true. Plaintiff, who is now an adult, attended DVCHS in Philadelphia. Because of earlier incidents of violence, the School required students to pass through security devices in order to enter DVCHS, but did not require former students or others to do so. On January 17, 2014, Defendant Donte Walker, a former student, brought a firearm into the School and gave it to two students, Defendants Raisheem Rochwell and Rasheed Jarmon. Defendant Rochwell fired the gun in the School's gymnasium, striking Plaintiff, an innocent bystander, in the arm. Plaintiff suffered from Post-Traumatic Stress Disorder ("PTSD") as a result of the shooting, and DVCHS failed to accommodate this disability in connection with her schooling.

**II.     LEGAL STANDARDS**

Pursuant to Federal Rule of Civil Procedure 12(b)(6), dismissal of a complaint for failure to state a claim upon which relief can be granted is appropriate where a plaintiff's "plain statement" lacks enough substance to show that he is entitled to relief.[1] In determining whether a motion to dismiss should be granted, the court must consider only those facts alleged in the complaint, accepting the allegations as true and drawing all logical inferences in favor of the non-moving party.[2] Courts are not, however, bound to accept as true legal conclusions couched as factual allegations.[3] Something more than a mere *possibility* of a claim must be alleged; a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face."[4] The complaint must set forth "direct or inferential allegations respecting all the material elements necessary to sustain recovery under *some* viable legal theory."[5]

A motion to dismiss for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1) may raise either a facial or a factual challenge. A facial challenge alleges a failure to plead jurisdictional prerequisites, whereas a factual challenge alleges that that the prerequisites for jurisdiction do not in fact exist.[6] When faced with a factual challenge, the

---

[1] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007).

[2] *ALA, Inc. v. CCAIR, Inc*., 29 F.3d 855, 859 (3d Cir. 1994); *Fay v. Muhlenberg Coll*., No. 07-4516, 2008 WL 205227, at *2 (E.D. Pa. Jan. 24, 2008).

[3] *Twombly*, 550 U.S. at 555, 564.

[4] *Id.* at 570.

[5] *Id.* at 562 (quoting *Car Carriers, Inc. v. Ford Motor Co.,* 745 F.2d 1101, 1106 (7th Cir. 1984)) (internal quotation mark omitted).

[6] *CNA v. U.S.*, 535 F.3d 132, 139 (3d Cir. 2008).

Court may "review evidence outside the pleadings" and make a factual determination as to whether the Court has jurisdiction.[7]

## III. DISCUSSION

### A. Fourteenth Amendment Claim

Plaintiff asserts a claim pursuant to 42 U.S.C. § 1983, in which she alleges that Moving Defendants denied her substantive due-process right to bodily integrity from harm inflicted by private parties resulting from a state-created danger in violation of the Due Process Clause of the Fourteenth Amendment to the United States Constitution.[8]

For liability to attach under the state-created danger theory, Plaintiff must allege that:

(1) the harm ultimately caused was foreseeable and fairly direct; (2) a state actor acted with a degree of culpability that shocks the conscience; (3) a relationship between the state and the plaintiff existed such that the plaintiff was a foreseeable victim of the defendant's acts, or a member of a discrete class of persons subjected to the potential harm brought about by the state's actions, as opposed to a member of the public in general; and (4) a state actor affirmatively used his or her authority in a way that created a danger to the citizen or that rendered the citizen more vulnerable to danger than had the state not acted at all.[9]

In this case, the fourth prong is determinative. Plaintiff has not alleged "any affirmative action by school administrators that made [her] more vulnerable than [she] would have been had the administrators stood by and done nothing at all."[10] The fact that the school exempted some

---

[7] *United States ex rel. Atkinson v. PA. Shipbuilding Co.*, 473 F.3d 506, 514 (3d Cir. 2007).

[8] *See Bennett ex rel. Irvine v. City of Phila.*, 499 F.3d 281, 286 (3d Cir. 2007).

[9] *Bright v. Westmoreland Cty.*, 443 F.3d 276, 281 (3d Cir. 2006) (internal quotation marks and footnotes omitted). The elements have also been stated as "(1) the harm ultimately caused was foreseeable and fairly direct; (2) the state actor acted in willful disregard for the safety of the plaintiff; (3) there existed some relationship between the state and the plaintiff; (4) the state actors used their authority to create an opportunity that otherwise would not have existed for the third party's crime to occur." *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 908 (3d Cir. 1997) (citing *Kneipp v. Tedder*, 95 F.3d 1199, 1208 (3d Cir. 1996)).

[10] *Morrow v. Balaski*, 719 F.3d 160, 177 (3d Cir. 2013) (en banc).

people from the requirement of passing through metal detectors placed Plaintiff in no more danger than if there had been no metal detectors. Under the applicable law, "the requirement of an actual affirmative act is not intended to turn on semantics of act and omission. Instead, the requirement serves . . . to distinguish cases where . . . officials might have done more . . . [from] cases where . . . officials created or increased the risk itself."[11] This case falls into the former category. Although Plaintiff alleges that Moving Defendants "willfully permitted" Defendant Walker to enter the School without undergoing screening,[12] Moving Defendants did not create the risk to Plaintiff. Under the circumstances alleged here, "merely restating the Defendants' inaction as an affirmative failure to act does not alter the passive nature of the alleged conduct" for purposes of liability under § 1983.[13]

As the Third Circuit has held, cases such as this "arise from unsettling facts presented by sympathetic plaintiffs."[14] Nonetheless, "public schools, as a general matter, do not have a *constitutional* duty to protect students from private actors."[15] The § 1983 claim cannot stand.

---

[11] *Id.* at 179 (internal quotation mark omitted).

[12] Compl. at ¶¶ 50-53.

[13] *Morrow*, 719 F.3d at 179. *Accord D.R. by L.R. v. Middle Bucks Area Vocational Tech. Sch.*, 972 F.2d 1364, 1376 (3d Cir. 1992) (holding that the school was not liable when students were assaulted by fellow students).

[14] *Morrow*, 719 F.3d at 163.

[15] *Id.* at 170 (footnote omitted). The Court of Appeals did not "foreclose the possibility of a special relationship arising between a *particular* school and *particular* students under certain unique and narrow circumstances . . . so significant as to forge a different kind of relationship between a student and a school than that which is inherent in the discretion afforded school administrators as part of the school's traditional *in loco parentis* authority or compulsory attendance laws." *Id*. at 171. Plaintiff alleges that she relied upon affirmative representations that the School would be safe; but those allegations do not constitute "unique and narrow" circumstances that would invoke constitutional liberty concerns; all schools should be safe places of learning for students.

**B.     Americans with Disabilities and Rehabilitation Act Claim**

Moving Defendants argue that the Court lacks subject matter jurisdiction over the claims brought pursuant to the Rehabilitation Act[16] and the Americans with Disabilities Act ("ADA")[17] because Plaintiff failed to exhaust administrative remedies pursuant to the Individuals with Disabilities Education Act ("IDEA").[18] Plaintiff argues that she brings no claim under the IDEA and was not required to exhaust administrative remedies. However, the IDEA requires exhaustion "in non-IDEA actions where the plaintiff seeks relief that can be obtained under the IDEA."[19] This includes an action relating to a failure by a school to provide a free appropriate public education to the student.[20] Plaintiff alleges just that: the School failed to accommodate Plaintiff's disability–the PTSD caused by the shooting–and thereby denied her a free and appropriate education.[21] This case is on all-fours with the recent decision in *M.S. v. Marple Newtown School District*, in which the Third Circuit held that claims brought by a student suffering from PTSD after harassment by fellow student could not be litigated in federal court without first exhausting administrative remedies under the IDEA.[22]  The claim will be dismissed.

**C.     Amendment and Remand**

Plaintiff has requested leave to re-plead her claims in the event of dismissal. In civil rights cases, "district courts must offer amendment – irrespective of whether it was requested –

---

[16] 29 U.S.C. § 794.

[17] 42 U.S.C. § 12132.

[18] 20 U.S.C. § 1415.

[19] *Batchelor v. Rose Tree Media Sch. Dist.*, 759 F.3d 266, 272 (3d Cir. 2014).

[20] *Id.* at 274.

[21] Compl. at ¶¶ 82, 83.

[22] 635 F. App'x 69, 71 (3d Cir. 2015).

when dismissing a case for failure to state a claim unless doing so would be inequitable or futile."[23] The Court will grant Plaintiff leave to file an amended complaint as to the § 1983 claim; however, as Plaintiff does not claim to have exhausted her administrative remedies under the IDEA, amendment of the ADA and Rehabilitation Act claims would be futile.

Plaintiff also alleges tort claims under Pennsylvania law against all Defendants. Although federal courts with original jurisdiction over a federal claim have supplemental jurisdiction over state claims that form "part of the same case or controversy," a court may decline to exercise supplemental jurisdiction over state law claims if "the district court has dismissed all claims over which it has original jurisdiction."[24] It is appropriate to decline the exercise of supplemental jurisdiction if the litigation is in its early stages.[25] The Court will do so in this case; there has been no discovery, and therefore, unless Plaintiff files an amended complaint to re-plead the federal § 1983 claim, the case will be remanded to the Philadelphia Court of Common Pleas.[26]

An order will be entered.

---

[23] *Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc.,* 482 F.3d 247, 251 (3d Cir. 2007).

[24] 28 U.S.C. §1367(a), (c)(3).

[25] *Carnegie Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988).

[26] Remand of these claims is particularly appropriate where the Court has found that no § 1983 claim has been stated. *Cf. Berg v. Cty. of Allegheny*, 219 F.3d 261, 268 (3d Cir. 2000) ("Section 1983...does not provide redress for common law torts—the plaintiff must allege a violation of a federal right.").